

# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| ERNEST PEEPLES<br>    Employee,<br>v.<br><br>BAPTIST MEMORIAL HOSPITAL<br>MEMPHIS<br>    Employer,<br>And<br><br>BRENTWOOD SERVICES ADMIN.<br>    TPA. | Docket No.:  2015-08-0268<br><br>State File No.: 31748-2015<br><br>Judge Amber E. Luttrell |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS
## (RECORD REVIEW ONLY)

---

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing (REH) filed by the employee, Ernest Peeples, pursuant to Tennessee Code Annotated section 50-6-239 (2014). Mr. Peeples seeks medical and temporary disability benefits. Mr. Peeples requested the Court render its decision based upon a review of the case file without an evidentiary hearing. Baptist Memorial Hospital did not object to this request.[1]

Upon review of the file, the Court finds that no affidavit accompanied Mr. Peeples' REH as required by Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(a) (2015). Thus, the Court must deny Mr. Peeples' REH at this time. Even if Mr. Peeples' REH complied with the procedural affidavit requirement, the Court further finds the record is insufficient at this time to prove Mr. Peeples is likely to prevail at a hearing on the merits on the issue of compensability.

---

[1] By making an on-the-record determination, the Court makes no decision as to the admissibility of the information submitted in the case file absent an objection from a party. The Court notes in this case the parties did not raise any objection to admissibility of any information in the file; therefore, the Court reviewed and considered the entire case file in making its determination.

## History of Claim

Mr. Peeples is a fifty-seven-year-old resident of Shelby County, Tennessee. (T.R. 1.) He worked as a floor finisher for Baptist Memorial Hospital-Memphis. *Id.* Mr. Peeples alleged a work injury to his right knee. *Id.* Mr. Peeples stated in a recorded statement taken by the workers' compensation carrier that on the date of injury he was waiting on the floor to dry when his right leg just gave out. (Ex. 7 at 3.) Baptist denied the claim stating, "Claim does not appear to be compensable. Not specific cause of Ernest's right knee giving out." (Ex. 4.)

Mr. Peeples filed a Petition for Benefit Determination (PBD)(T.R. 1.) Mr. Peeples described the alleged injury in the PBD by stating, "Over years in the position as a floor care employee the condition of my injury knee is in relationship of the job at Baptist Hospital." *Id.* The parties did not resolve the disputed issues through mediation, and the Mediation Specialist filed a DCN on August 13, 2015. (T.R. 2.)

Mr. Peeples filed an REH on September 18, 2015. (T.R. 3.) In its response to Mr. Peeples' REH, Baptist raised the issue that Mr. Peeples did not file the required supporting affidavit in compliance with Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(a) (2015). (T.R. 4.) Baptist further contended that Mr. Peeples failed to meet his burden of proving a compensable work injury to his knee in the course and scope of his employment with Baptist. *Id.*

## Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987); *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

In *Hadzic v. Averitt Express,* the Workers' Compensation Appeals Board specifically addressed the need for supporting affidavits to an REH. *Hadzic v. Averitt Express,* No. 2014-02-0664, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *7-8 (Tenn.

2

Workers' Comp. App. Bd. May 18, 2015). The Board cited Tennessee Compilation Rules and Regulations 0800-02-21-.14(1) (a) (2015) as follows:

> (1) After a case is placed on the docket, if there is a dispute over temporary disability or medical benefits, either party may request an expediting [sic] hearing of the issue of temporary disability or medical benefits by indicating its desire for an expedited hearing on the request for hearing form or by a [sic] filing a separate motion. The indication of the desire for an expedited hearing on the request for hearing form shall serve as the motion for expedited hearing.
>
> (a) *All* motions for expedited hearing *must* be accompanied by affidavits and any other information demonstrating that the employee is entitled to temporary disability or medical benefits.

(Emphasis added.) *Id.* The Board held that the words "all" and "must" in the rule require that an affidavit accompany every REH, without exception, for it to be valid. *Id.* at *10.

The Board further determined the rule is more than a "mere technicality," but "is intended to provide for the efficient and expedient resolution of disputed issues." *Id.* (citing Tenn. Comp. R. & Regs. 0800-02-21-.01 (2015)). The Board held the regulation was designed to encourage "litigants to be proactive from the outset in obtaining and organizing evidence supporting the claim," as well as notifying the other party of facts being asserted, so they may "prepare for the hearing or otherwise respond as they are expected to do." *Id.* at *11.

Had Mr. Peeples satisfied the procedural affidavit requirement, he still did not submit any medical records or evidence in support of his claim from which the Court could conclude that he is likely to prevail at a hearing on the merits on the issue of compensability. The only documents submitted by Mr. Peeples were work status notes from OrthoMemphis, a Baptist leave of absence request form and Aetna Insurance Company explanation of benefits forms. While potentially relevant to the issue of entitlement to temporary disability benefits, those documents do not support Mr. Peeples' claim that he sustained a compensable work injury to his knee arising out of and in the course and scope of his employment.

In sum, the Court finds Mr. Peeples did not file the required affidavit or otherwise come forward with medical proof or any evidence in support of his claim for medical and temporary disability benefits. Accordingly, Mr. Peeples' request for medical and temporary disability benefits is denied.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Peeples' request for medical and temporary disability benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on January 4, 2016 at 10 a.m. (CDT).


**ENTERED this the 5th day of November, 2015.**

**Judge Amber E. Luttrell**
**Court of Workers' Compensation Claims**


Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Amber E. Luttrell, Court of Workers' Compensation Claims. You must call 901-543-2668 or toll-free at 855-543-5046 to participate.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be

4

made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

The Court reviewed the following documents and designates these documents as the Technical Record:[2]

1. Petition for Benefit Determination (PBD), filed July 15, 2015
2. Dispute Certification Notice (DCN), filed August 13, 2015
3. Request for Expedited Hearing (REH), filed September 18, 2015
4. Employer's Response to REH
5. Employer's Position Statement in Response to PBD

The Court reviewed the following documents in reaching its decision and designates the documents as Exhibits solely for ease of reference by the Court:

1. OrthoMemphis work status notes, Baptist leave of absence request form, and Aetna Insurance Company Explanation of Benefits forms (collective exhibit)
2. C20 Employer First Report of Work Injury
3. Baptist Employee Occurrence Report
4. C23 Notice of Denial, dated March 13, 2015
5. C41 Wage Statement
6. Job Description of Floor Finisher
7. Recorded statement transcript of Mr. Peeples, dated March 12, 2015

---

[2] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Medical Benefits was sent to the following recipients by the following methods of service on this the 5    th day of November, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Ernest Peeples, Employee | X | | X | Ernestpeeples1@gmail.com; 1983 East Gladney Drive Memphis, Tennessee 38114 |
| J. Matthew Kirby, Esq., Counsel for Employer | | | X | mkirby@harrisshelton.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

7